```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

UNITED STATES OF AMERICA　　　　　　　　　:

　　　　　　　　　　　　　　　　　　　　　　:

　　v.　　　　　　　　　　　　　　　　　　　: Civil Action No. DKC 10-2962

　　　　　　　　　　　　　　　　　　　　　　:

CHRISTOPHER T. NAZARIAN, et al.　　　　　:

**MEMORANDUM OPINION**

Presently pending and ready for review is the motion of the United States of America to strike the answer filed by Defendant Christopher T. Nazarian as Personal Representative of the Estate of Sarkis Nazarian (ECF No. 13) and the motion of Defendant Hermine Nazarian to stay consideration of Plaintiff's motion to strike (ECF No. 17).  The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the reasons that follow, Plaintiff's motion to strike will be granted and Defendant Hermine Nazarian's motion to stay will be denied.

**I.  Background**

Plaintiff, the United States of America, filed its complaint on October 10, 2010, against Defendants Christopher T. Nazarian as Personal Representative of the Estate of Sarkis Nazarian, Hermine H. Nazarian, Citibank F.S.B, and Joan C. Doll.

(ECF No. 1).[1]  Included in the complaint are counts whereby Plaintiff seeks to convert to judgment trust fund recovery penalties in the amount of $444,085.05, assessed against the now deceased Sarkis Nazarian; to set aside an alleged fraudulent conveyance from the deceased to his wife, Defendant Hermine Nazarian; and to foreclose federal tax liens against real property owned by the Decedent.  (ECF No. 1, counts I-III).  On January 18, 2011, Christopher Nazarian filed an answer as Personal Representative of the Estate *pro se*.  (ECF No. 7). Christopher Nazarian signed his name to the answer with the suffix "Esq." and "DC Bar" in parenthesis, (*id.* at 10), but he is not a member of the Bar of this court and has not moved for admission *pro hac vice*.

Plaintiff moved to strike the answer filed by Christopher Nazarian on February 16, 2011.  (ECF No. 13).  Plaintiff contends that the answer "was improperly filed by a personal representative who is not an attorney authorized to practice before this Court."  (ECF No. 13-1, at 1).  Christopher Nazarian opposes the motion (ECF No. 16).  Defendant Hermine Nazarian has moved to stay consideration of the motion to strike pending a decision by the Orphans Court for Montgomery County where

---

[1] S. Freedmand & Sons, Inc. is also listed as a Defendant in the initial complaint, but it was voluntarily dismissed by Plaintiff on February 7, 2011.  (*See* ECF Nos. 10 and 11).

Hermine Nazarian has initiated proceedings to remove Christopher Nazarian as personal representative of the estate. (ECF No. 17).

## II. Analysis

Plaintiff contends that Christopher Nazarian's answer should be stricken because the personal representative of an estate must appear by counsel and may not proceed *pro se* if the estate has beneficiaries and creditors other than the personal representative himself. (ECF No. 13-1, at 1). In opposition, Christopher Nazarian argues that the estate is insolvent and cannot afford to hire counsel. (ECF No. 16, at 4). Christopher Nazarian further contends that his interests and those of the Estate are generally aligned and that his actions on behalf of the Estate cannot affect the outcome of the lawsuit as a whole. (*Id.* at 4-5).

The courts are in general agreement that where an estate has beneficiaries other than the personal representative (or administrator or executrix) the estate must be represented by counsel. *See Witherspoon v. Jeffords Agency, Inc.*, 88 F.App'x 659 (4th Cir. 2004)(unpublished *per curiam*); *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Malone v. Nielsen*, 474 F.3d 934, 937 (7th Cir. 2007); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997); *cf Guest v. Hansen*, 603 F.3d 15, 17 (2d Cir. 2010)(holding that personal representative can represent an

3

estate if it is the sole creditor or beneficiary). As explained by the United States Court of Appeals for the Second Circuit in *Pridgen* "when an estate has beneficiaries or creditors other than the administratrix or executrix [or personal representative], the action cannot be described as the litigant's own, because the personal interests of the estate, other survivors, and possible creditors will be affected by the outcome of the proceedings." 113 F.3d at 393 (internal quotations omitted). Although courts have not had occasion to rule on whether the personal representative of an insolvent estate is excused from the ban on *pro se* representation, other organizational entities, such as corporations or non-profit entities, have not been permitted to proceed *pro se* simply because they lacked resources to pay counsel. *See, e.g., Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989)(refusing to permit non-profit organization to proceed without counsel even though organization had argued it lacked funds to pay an attorney); *Richdel, Inc. v. Sunspool Corp.*, 699 F.2d 1366, 1366 (Fed. Cir. 1983)("Nothing in our Rules suggests that an exception is to be made because of the expense a corporation will incur by appearing through an attorney"); *Beaudreault v. ADF, Inc.*, 635 F.Supp.2d 121, 122 (D.R.I. 2009)(declining to create an exception to requirement that corporations cannot proceed *pro se* based solely on a corporation's inability to pay for legal

4

representation); *cf. In re Holliday's Tax Services, Inc.*, 417 F.Supp. 182, 185 (E.D.N.Y. 1976), *aff'd*, 614 F.2d 1287 (2d Cir. 1979)(permitting a lay sole shareholder to represent his small and impecunious corporation in petitioning for an arrangement under Chapter XI of the Bankruptcy Act, but noting that the bankruptcy court could require the corporation to obtain professional counsel if it found that "lay representation [was] causing a substantial threat of disruption or injustice," or that "changed economic conditions ma[d]e it possible for the corporation to obtain an attorney").[2]  There is no reason to treat an insolvent estate differently.

Here Christopher Nazarian has conceded that he is not the sole creditor or beneficiary of the Estate of Sarkis Nazarian. He lists five beneficiaries of the intestate Estate:  four children of the deceased (Victor, Chris, Connor, and Jeff Nazarian) and his spouse (Hermine Nazarian).  (ECF No. 16, at 4).  And, as Plaintiff points out, there is at least one interested creditor, the United States of America. (ECF No. 13-1, at 2).  Thus, Christopher Nazarian cannot represent the interests of the estate in this litigation *pro se*.  It makes no

---

[2] The Supreme Court stated in *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, n.5 (1993) that the Eastern District of New York's decision in *In re Holliday's Tax Services, Inc*, "neither follow[s] federal precedent, nor [has itself] been followed."

5

difference that the complaint does not identify any wrongful act by the Estate; its interests will be affected by the outcome of the suit and it must be represented by counsel properly admitted to appear in this court. In his opposition to the motion to strike, Christopher Nazarian argues that the cases holding that an estate cannot be represented by its personal representative acting *pro se* should be limited to situations where the estate has assets or is actively seeking to gain assets. (ECF No. 16, at 5). There is no support for such a limitation in the cases themselves, however. And regardless of whether an estate has initiated a lawsuit or is defending against one, a personal representative acting *pro se* is ill-equipped to represent the varied interests of the estate's beneficiaries and creditors. Indeed, Christopher Nazarian makes clear in his opposition to the motion to strike that his interests as personal representative are not consistent with those of all the beneficiaries to the Estate. (ECF No. 16, at 3). Finally, and as discussed above, the Estate's alleged insolvency does not excuse the Estate from the requirement to retain counsel. Accordingly the answer filed *pro se* by Christopher Nazarian will be stricken.

Defendant Hermine Nazarian has requested that this court stay its determination of the motion to strike until the Orphans Court for Montgomery County rules on her petition to remove

Christopher Nazarian as the Personal Representative of the Estate. (ECF No. 17). The other parties have not responded to this motion.[3] Nevertheless, the outcome of the Orphans Court hearing will not impact this court's ruling on the motion to strike. The answer filed by Christopher Nazarian is improper and must be stricken. How the Estate chooses to respond to this ruling is a separate matter that has no effect on this decision. The motion to stay will be denied.

**III. Conclusion**

For the foregoing reasons, Plaintiff's motion to strike the answer filed by Defendant Christopher T. Nazarian as Personal Representative of the Estate of Sarkis Nazarian will be granted and Defendant Hermine Nazarian's motion to stay consideration of Plaintiff's motion to strike will be denied. A separate Order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

---

[3] In addition, Ms. Nazarian's motion to stay indicated that the Orphans Court would be holding a hearing on the issue on April 8, 2011. That date has now passed and the court has received no updates from Ms. Nazarian regarding the state court's decision. This court should not delay its ruling indefinitely.