IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| | : |
| UNITED STATES OF AMERICA | |
| | : |
| v. | : Civil Action No. DKC 10-2962 |
| | : |
| CHRISTOPHER T. NAZARIAN, et al. | |
| | : |

**MEMORANDUM OPINION**

Presently pending and ready for review are two motions for default judgment filed by Plaintiff, the United States of America. (ECF Nos. 36, 37). The issues are briefed, and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiff's motions for default judgment will be denied without prejudice to renewal.

**I.   Background**

Plaintiff, the United States of America, filed its complaint on October 20, 2010, against Defendants Christopher T. Nazarian as Personal Representative of the Estate of Sarkis K. Nazarian, Hermine H. Nazarian, Citibank F.S.B., and Joan C. Doll. (ECF No. 1).[1] In the complaint, Plaintiff seeks to do the

─────────────

[1] The complaint also initially listed S. Freedmand & Sons, Inc. as a Defendant, but Plaintiff voluntarily dismissed the

following:   (1) convert trust fund recovery penalties in the amount of $444,085.85, assessed against the now deceased Sarkis Nazarian ("Decedent") and against Doll, to judgment;[2] (2) set aside an alleged fraudulent conveyance from Decedent to his wife, Defendant Hermine Nazarian; and (3) foreclose federal tax liens against real property owned by Decedent.   (*Id.*).

According to Plaintiff, these claims arise from Decedent's and Doll's violations of 26 U.S.C. § 6672.   (*Id.* ¶¶ 13, 35).[3] Decedent and Doll were previously employed, in unspecified positions, by Catonsville Eldercare, Inc. ("Eldercare").   (*Id.* ¶¶ 13, 34).[4]   While in those positions, they were required to collect, account for, and pay to the Internal Revenue Service ("IRS") federal withholding and FICA taxes for Eldercare's employees.   (*Id.* ¶¶ 13, 35).   Plaintiff alleges that Decedent and Doll failed to do so for the tax periods ending September 30, 1998, through June 30, 2000.   (*Id.* ¶¶ 14, 36).   In March 2002, pursuant to 26 U.S.C. § 6672, a delegate of the Secretary

---

complaint as to this Defendant on February 7, 2011.   (ECF Nos. 10, 11).

[2] Decedent passed away on January 5, 2009.   (*Id.* ¶ 6).

[3] The complaint cites Title 28, rather than Title 26 of the United States Code, an obvious typographical error.

[4] According to the complaint, Eldercare is located in Baltimore, Maryland.   (*Id.* ¶ 34).

of the United States assessed trust fund recovery penalties of
nearly $281,000 against both Decedent and Doll.  (*Id.* ¶¶ 15,
37).  When Decedent – and his estate – and Doll had failed to
pay these penalties as of October 2010, Plaintiff brought the
present action against Defendants.

Hermine Nazarian and Citibank subsequently answered the
complaint.  (ECF Nos. 8, 14).[5]  Christopher Nazarian filed an
answer on behalf of the Decedent's estate on January 18, 2011,
(ECF No. 7), but Plaintiff moved to strike the answer on
February 16, 2011, contending that Christopher Nazarian was not
an attorney authorized to practice in the United States District
Court for the District of Maryland (ECF No. 13).  Hermine
Nazarian then filed a motion to stay consideration of
Plaintiff's motion to strike and requested that the court delay
ruling on Plaintiff's motion until the conclusion of state court
proceedings to remove Christopher Nazarian as personal

---

[5] Christopher Nazarian, as personal representative of
Decedent's estate, and Hermine Nazarian were served personally,
and Citibank waived service of process.  (ECF Nos. 3, 4, 9).
Process servers were unable to locate Doll, who is allegedly a
resident of Myrtle Beach, South Carolina, and, Plaintiff moved
for service by publication on February 15, 2011.  (ECF No. 12).
This request was granted on March 8, 2011 (ECF No. 18), and
Plaintiff placed an advertisement in the Sun News, a Myrtle
Beach newspaper, on March 25, April 1, and April 8, 2011,
notifying Doll of Plaintiff's suit against her (ECF No. 24).

representative of Decedent's estate.  (ECF No. 17).[6]  On April 25, 2011, the court granted Plaintiff's motion to strike, denied Hermine Nazarian's motion to stay, and ordered Decedent's estate to retain counsel and file a proper answer within twenty-one days.  (ECF Nos. 21, 22).  Christopher Nazarian thereafter filed an "emergency motion" to have counsel appointed to represent Decedent's estate (ECF No. 25), but this motion was denied on May 16, 2011 (ECF No. 26).

Plaintiff moved for entry of default against Doll on May 18, 2011, and against Decedent's estate on May 24, 2011.  (ECF Nos. 27, 31).  The clerk entered default against Doll and Decedent's estate "for want of answer or other defense" on May 19, and June 14, 2011, respectively.  (ECF Nos. 29, 33).  On July 12, 2011, Plaintiff moved for judgment by default against Doll and Decedent's estate as to the counts that seek to reduce the tax assessments against them to judgment.  (ECF Nos. 36, 37).

## II. Motions for Default Judgment

Where a default has been previously entered and the complaint does not specify a certain amount of damages, the court may enter a default judgment, upon the plaintiff's

---

[6] As a result of these proceedings, the state court "reduced the [personal representative] to a special Administrator" of Decedent's estate.  (ECF No. 25, at 2).

application and notice to the defaulting party, pursuant to Fed.R.Civ.P. 55(b)(2). A defendant's default, however, does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *See Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002). The United States Court of Appeals for the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *id.* (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate where a party is essentially unresponsive, *SEC v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C.Cir. 1980)).

Here, more than ten months have passed since Decedent's estate was served with Plaintiff's complaint, with six months elapsing since the court ordered the estate to retain counsel and file a proper answer – which it never did. Similarly, nearly seven months have passed since Plaintiff served Doll by publication, and Doll has neither pled nor asserted a defense in response. As the "adversary process has been halted because of [these] essentially unresponsive part[ies]," *id.*, default judgment is warranted against Decedent's estate and Doll if Plaintiff can establish their liability.

When considering a motion for default judgment, the court takes all well-pleaded factual allegations in the complaint as true. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). A default, however, is not "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," and the defendant is not held to "admit conclusions of law." *Id.* (citation omitted); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2688, at 60-61 (3[d] ed. 1998) ("[L]iability is not deemed established simply because of the default, and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability." (footnotes omitted)). For that reason, the court must evaluate whether the plaintiff has alleged a legitimate cause of action before awarding default judgment in the plaintiff's favor. Wright et al., *supra*, § 2688, at 63.

In the Fourth Circuit, several recent district court opinions analyzing default judgments have applied the United States Supreme Court's opinions in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), when determining whether allegations within the complaint are "well-pleaded." *E.g.*, *Balt. Line Handling Co. v. Brophy*, 771 F.Supp.2d 531, 544 (D.Md. 2011); *Bogopa Serv. Corp.*

*v. Shulga*, No. 3:08cv365, 2009 WL 1628881, at *1-2 (W.D.N.C. June 10, 2009). Using the principles articulated in *Iqbal* and *Twombly*, those cases have concluded that where a complaint offers only "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement," the allegations therein are not well-pleaded and, even on default judgment, relief should be denied. *See Balt. Line Handling Co.*, 771 F.Supp.2d at 544 (internal quotation marks omitted) ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

Plaintiff has moved for default judgment against Decedent's estate and Doll, seeking to reduce to judgment the tax assessments against these Defendants. The government makes a *prima facie* case of tax liability when it submits certified copies of the certificates of the assessment to the court. *United States v. Pomponio*, 635 F.2d 293, 296 (4th Cir. 1980). "Such certificates are presumed correct unless the defendant provides proof to the contrary." *United States v. Register*, 717 F.Supp.2d 517, 522 (E.D.Va. 2010). Having failed to respond to the complaint, Decedent's estate and Doll have offered no such proof, and Plaintiff would be entitled to default judgment with submission of these certificate copies. *See United States v. Vardoulakis*, No. WDQ-07-3341, 2010 WL 5137653, at *4 (D.Md. Dec.

9, 2010). Here, however, Plaintiff has failed to submit certified copies of the certificates of assessment, instead submitting only the declaration of Suzanne Fawley, an IRS advisor, ("the Fawley declaration") and printouts from the IRS computer system relating to the assessments to support its motions. (ECF Nos. 36-1, 36-2, 37-1, 37-2). Thus, the court must look to the complaint and this evidence to determine whether Plaintiff has a legitimate cause of action under 26 U.S.C. § 6672 against Decedent's estate and Doll.

Section 6672 provides as follows:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

In the absence of certified copies of the certificates of assessment, Plaintiff makes a *prima facie* case of tax liability under § 6672 by showing (1) the amount of taxes due; (2) the defendant's responsibility in failing to pay the taxes; and (3) the defendant's willfulness in failing to pay the taxes. *United States v. Frazier*, No. 88-0019-C, 1989 WL 107390, at *2 (W.D.Va. 1989).

8

While Plaintiff succeeds in establishing the amount of the assessment,[7] it wholly fails to demonstrate either of the two remaining elements necessary for imposing liability under § 6672.  Indeed, the counts for which Plaintiff seeks default judgment contain no well-pleaded factual allegations relevant to determining liability under § 6672.  Plaintiff instead sets forth mere conclusions of law that recite the language of § 6672, alleging that both Decedent and Doll were "required to collect, truthfully account for and pay over . . . taxes" and that these Defendants' "willful failure [to do so] rendered [them] liable for a penalty" under § 6672.  (ECF No. 1 ¶¶ 13-14, 35-36).  Nowhere does the complaint present any facts that show why Decedent and Doll were "responsible" for Eldercare employees' federal withholding and FICA taxes or why they acted "willful[ly]" in failing to account for and submit those taxes to the IRS.  At bottom, the counts against Decedent and Doll seeking to convert the tax assessments to judgment are nothing more than "labels and conclusions" that the court need not credit when evaluating a motion for default judgment.  *Balt. Line Handling Co.*, 771 F.Supp.2d at 544 (internal quotation

---

[7] The Fawley declaration and two tables within the complaint demonstrate that the amount of the original assessment against both Decedent and Doll was $280,893.62.

marks omitted).[8]   Accordingly, Plaintiff's motions for default judgment against these Defendants will be denied without prejudice.

## III. Conclusion

For the foregoing reasons, Plaintiff's motions for default judgment will be denied without prejudice.   A separate Order will follow.


_____
                            /s/
DEBORAH K. CHASANOW
United States District Judge

---

[8]   The Fawley declaration and its attached printouts similarly fail to show that Decedent or Doll were "responsible" persons at Eldercare or that they acted in a "willful" manner in not paying the taxes to the IRS.   In fact, the Fawley declaration states only that Fawley examined the records evidencing the tax assessments; it provides no information about the IRS's basis for assessing the penalties in the first instance.