IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          :

    v.                            :   Civil Action No. DKC 10-2962

CHRISTOPHER T. NAZARIAN, et al.   :

**MEMORANDUM OPINION**

Presently pending and ready for review are two motions for default judgment filed by Plaintiff, the United States of America. (ECF Nos. 45, 47). The relevant issues are briefed, and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the Government's motions will be granted in part and denied in part.

**I.  Background**

The Government filed its complaint on October 20, 2010, against Defendants Christopher T. Nazarian as Personal Representative of the Estate of Sarkis K. Nazarian, Hermine H. Nazarian, Citibank F.S.B., and Joan C. Doll. (ECF No. 1).[1] The complaint sought to do the following:  (1) convert tax

---

[1] The complaint also initially listed S. Freedmand & Sons, Inc. as a Defendant, but the Government voluntarily dismissed the complaint as to this Defendant on February 7, 2011. (ECF Nos. 10, 11).

liabilities previously assessed against the now deceased Sarkis Nazarian ("Decedent") and against Doll, to judgment;[2] (2) set aside the alleged fraudulent conveyance of a Potomac, Maryland, residence from Decedent to his wife, Defendant Hermine Nazarian; and (3) foreclose federal tax liens against real property owned by Decedent.  (*Id.*).

According to the Government, these claims arise from Decedent's and Doll's violations of 26 U.S.C. § 6672(a).  (*Id.* ¶¶ 13, 35).[3]  Decedent and Doll previously held unspecified positions at Catonsville Eldercare, Inc. ("Eldercare"), a business located in Baltimore, Maryland.  (*Id.* ¶¶ 13, 34).  The Government asserts that, while in those positions, Decedent and

---

[2] Decedent passed away on January 5, 2009.  (*Id.* ¶ 6).

[3] The complaint cites Title 28, rather than Title 26 of the United States Code, an obvious typographical error.

Section 6672(a) provides as follows:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

Doll were required to collect, account for, and pay to the Internal Revenue Service ("IRS") federal withholding and FICA taxes for Eldercare's employees.  (*Id.* ¶¶ 13, 35).  The Government further alleges that they failed to do so for the quarterly tax periods ending September 30, 1998, through June 30, 2000.  (*Id.* ¶¶ 14, 36).  In March 2002, pursuant to 26 U.S.C. § 6672, a delegate of the Secretary of the United States assessed trust fund recovery penalties against both Decedent and Doll.  (*Id.* ¶¶ 15, 37).

When Decedent – and then his estate – as well as Doll had failed to pay these penalties as of October 2010, the Government brought the present action against Defendants.  Hermine Nazarian and Citibank thereafter answered the complaint.  (ECF Nos. 8, 14).[4]  Christopher Nazarian filed an answer on behalf of the Decedent's estate on January 18, 2011, (ECF No. 7), but the Government moved to strike the answer on February 16, 2011, contending that Christopher Nazarian was not an attorney authorized to practice in the United States District Court for the District of Maryland (ECF No. 13).  Hermine Nazarian then

---

[4] Christopher Nazarian, as personal representative of Decedent's estate, and Hermine Nazarian were served personally on December 27, 2010, and Citibank waived service of process. (ECF Nos. 3, 4, 9).  Process servers were unable to locate Doll, who is allegedly a resident of Myrtle Beach, South Carolina. She was subsequently served by publication.

filed a motion to stay consideration of the motion to strike and requested that the court delay ruling on that motion until the conclusion of state court proceedings to remove Christopher Nazarian as personal representative of Decedent's estate. (ECF No. 17).[5] On April 25, 2011, the court granted the Government's motion to strike, denied Hermine Nazarian's motion to stay, and ordered Decedent's estate to retain counsel and file a proper answer within twenty-one days. (ECF Nos. 21, 22). Christopher Nazarian thereafter filed an "emergency motion" to have counsel appointed to represent Decedent's estate (ECF No. 25), but this motion was denied on May 16, 2011 (ECF No. 26).

The Government moved for entry of default against Doll on May 18, 2011, and against Decedent's estate on May 24, 2011. (ECF Nos. 27, 31). The clerk entered default against Doll and Decedent's estate "for want of answer or other defense" on May 19, and June 14, 2011, respectively. (ECF Nos. 29, 33). On July 12, 2011, the Government moved for judgment by default against Doll and Decedent's estate as to the counts that seek to reduce the tax assessments against them to judgment. (ECF Nos. 36, 37). The court denied these motions without prejudice to

---

[5] As a result of these proceedings, the state court "reduced the [personal representative] to a special Administrator" of Decedent's estate. (ECF No. 25, at 2).

renewal on October 27, 2011. (ECF Nos. 43, 44). The Government subsequently renewed both motions. (ECF Nos. 45, 47).

Hermine Nazarian, Citibank, and the Government filed stipulations of dismissal with the court shortly thereafter, stating that they had agreed to dismiss counts two and three of the complaint with prejudice. (ECF Nos. 48, 49). On March 8, 2012, the court approved the stipulations and dismissed these counts from the complaint. (ECF No. 50). Thus, the only remaining counts are those against Decedent's estate and Doll to reduce the trust fund recovery penalties to judgment.

**II. Motions for Default Judgment**

Pursuant to Rule 55(b)(2), where a default has been previously entered and the complaint does not specify a certain amount of damages, the court may enter a default judgment upon the plaintiff's application and, if the defaulting party has appeared, notice to that party. A defendant's default, however, does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *See Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002). The United States Court of Appeals for the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *id.* (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be

appropriate where a party is essentially unresponsive, *SEC v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C.Cir. 1980)).

Here, eighteen months have passed since Decedent's estate was served with the complaint, with more than a year elapsing since the court ordered the estate to retain counsel and file a proper answer – which it never did. Similarly, more than a year has passed since the Government served Doll by publication, and Doll has neither pled nor asserted a defense in response. As the "adversary process has been halted because of [these] essentially unresponsive part[ies]," *id.*, default judgment will be warranted against Decedent's estate and Doll if the Government can establish liability and resulting damages.

The Fourth Circuit has previously held that the Government makes a *prima facie* case of tax liability when it submits certified copies of the certificates of tax assessment to the court. *United States v. Pomponio*, 635 F.2d 293, 296 (4th Cir. 1980). The Government has submitted certified copies of these assessments against Decedent and Doll for each of the tax periods at issue. (ECF Nos. 45-2, 47-2). "Such certificates are presumed correct unless the defendant[s] provide[] proof to the contrary." *United States v. Register*, 717 F.Supp.2d 517, 522 (E.D.Va. 2010). Having failed to respond to the complaint,

Decedent's estate and Doll have offered no such proof.[6] Accordingly, the Government has established their liability for the trust fund recovery penalties for the quarters ending September 30, 1998, through June 30, 2000.

With the liability of Decedent's estate and Doll established, the analysis now turns to the issue of relief. The Government has requested damages as follows: (1) judgments of $462,397.56 and $463,986.45 for Decedent's and Doll's outstanding tax liabilities as of November 28, 2011, and January 9, 2012, respectively; (2) interest accruing on the tax liabilities since those dates; and (3) costs.  On default judgment, unlike with allegations regarding liability, allegations regarding damages are not taken as true, *Lawbaugh*, 359 F.Supp.2d at 421, and the Government bears the burden of establishing entitlement to recovery, *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 ($2^d$ Cir. 1992). Additionally, the court "may only award damages without a

---

[6] Under Maryland law, Decedent's estate is liable for his debts, including unpaid federal taxes at the time of his death. *See Tobiason v. Machen*, 217 Md. 207, 211 (1958) (explaining that "the natural and primary fund for the payment of [a decedent's] debts] is from his personal estate"); *see also* Md. Code Ann., Est. & Trusts § 8-105(a) (stating that "[t]axes due by the decedent" are one of the claims entitled to priority when paying the debts of a decedent's estate); *generally United States v. Bielaski*, 360 Md. 67 (2000) (concluding that the Government's § 6672 claim against a decedent's estate had priority for purposes of payment from the estate).

hearing if the record supports the damages requested." *Vardoulakis*, 2010 WL 5137653, at *5. The Government may support its request for damages with "detailed affidavits or [other] documentary evidence." *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

In support of the requests for default judgment as to the outstanding tax liabilities, the Government has submitted declarations from Suzanne Fawley, an Internal Revenue Service advisor, along with the tax transcripts for Decedent and Doll as of November 28, 2011, and January 9, 2012, respectively. In her declarations, Ms. Fawley states that the unpaid balances of Decedent's and Doll's tax liabilities were $462,397.56 and $463,986.45, respectively, as of those dates. (ECF Nos. 45-1, 47-1).[7] These amounts match the total balances on Decedent's and Doll's tax transcripts. (*See* ECF Nos. 45-3, 47-3). Therefore, the Government is entitled to default judgments against Decedent and Doll for these unpaid tax liabilities. Additionally, pursuant to 26 U.S.C. § 6601(a), the Government is entitled to

---

[7] The "account balance" listed on each tax transcript, which does not include accrued interest, is the same as the "balance" listed on the tax assessments for each tax period at issue. Both of these balances further match the amount of the tax assessments as stated in the Government's complaint and renewed motions for default judgment.

8

recover interest that has accrued on Decedent's and Doll's outstanding tax liabilities since November 28, 2011, and January 9, 2012, respectively. *See United States v. Sarubin*, 507 F.3d 811, 814 (4th Cir. 2007) (explaining that § 6601(a) "plainly require[s] a dilatory taxpayer to pay interest accruing from the date the tax is due and compounding until the date the total obligation is paid").

The Government's separate request for costs, however, must be denied. In its motions, the Government asks that the default judgments against Decedent's estate and Doll include an award for "costs that have accrued and will continue to accrue." (ECF No. 45-6, at 1; ECF No. 47, at 1). It neither specifies the amount of costs it seeks nor proffers any explanation or support for these requests. In the absence of "documentary evidence," *Adkins*, 180 F.Supp.2d at 17 (citing *United Artists Corp.*, 605 F.2d at 857), the record does not support the Government's requests and, accordingly, they cannot be granted.[8]

---

[8] Local Rule 109 sets forth the guidelines for a party to follow when filing a bill of costs. Pursuant to that rule, the Government may submit its bill of costs to the court clerk within fourteen days of the entry of judgment.

## III. Conclusion

For the foregoing reasons, the Government's motions for default judgment will be granted in part and denied in part. A separate Order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
